UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

**05 10851 DPW**

|  |  |
|---|---|
| THE ALPHAS COMPANY, INC., ) | |
| ) | |
| *Plaintiff*, ) | MAGISTRATE JUDGE _____ |
| ) | |
| v. ) | CIVIL ACTION |
| ) | NO. |
| AGRICULTURAL EXPRESS OF AMERICA, INC. ) | |
| d/b/a CLIPPER CONTROLLED LOGISTICS, ) | |
| ) | |
| *Defendant*. ) | |

RECEIPT # _____ 63812
AMOUNT $ _____
SUMMONS ISSUED ___
LOCAL RULE 4.1 ___
WAIVER FORM ___
MCF ISSUED ___
BY DPTY. CLK. ___
DATE ___

## NOTICE OF REMOVAL

**TO:** The Honorable Judges of the United States District Court for the District of Massachusetts:

1. The Petitioner, Clipper Exxpress Company, formerly known as Agricultural Express of America, Inc. d/b/a Clipper Controlled Logistics ("Petitioner" or "Clipper"), respectfully shows, upon information and belief, that it is the named defendant in the above-entitled civil action brought by the Plaintiff, The Alphas Company, Inc. ("Alphas"), in the Suffolk Superior Court Department, Suffolk County, Massachusetts, Civil Action No. 05-1357 (the "Civil Action").

2. The Complaint in the Civil Action, **Exhibit A** hereto, was filed on or about April 7, 2005, and Petitioner was served with the Summons and Complaint on April 8, 2005, as reflected in **Exhibit B** hereto.

3. Upon information and belief, no further proceedings have been had in the Civil Action, and the time of Petitioner within which to file a notice of removal has not expired.

4.  <u>Jurisdiction</u>.  Based on the allegations contained in the Complaint, the above entitled action is a civil suit which may be removed to this Court by the Petitioner pursuant to 28 U.S.C. §§ 1331, 1337(a) and 1441(a) and (b), in that Plaintiff Alphas alleges claims involving an Act of Congress regulating commerce, to wit:  claims in excess of $10,000 for loss and damage to certain shipments of Plaintiff's property that were transported in interstate commerce from points in California to Chelsea, Massachusetts.  <u>Complaint</u>, ¶¶ 4, 5, 7, 11, 12, 14, 20, 21 and 25.  Plaintiff's shipments and its claims for loss and damage, therefore, are governed by the Carmack Amendment to the ICC Termination Act of 1995 ("ICCTA"), 49 U.S.C. § 14706.  <u>Complaint</u> ¶ 40.  The amount of damages Plaintiff seeks to recover against Petitioner in the Civil Action under the bill of lading for the shipment of September 16, 2003 is $23,417.30, <u>Complaint</u> ¶ 10; the amount under the bill of lading for the shipment of May 20, 2004 is $12,781, <u>Complaint</u> ¶ 19; and the amount under the bill of lading for the shipment of June 17, 2004 is $3,892.50, <u>Complaint</u> ¶ 28.  The action is therefore removable to this Court because (1) the amounts of damages sought under the bills of lading for the first two shipments exceeds $10,000 each pursuant to 28 U.S.C. §§ 1331 and 1337(a) and (b), and (2) supplemental jurisdiction under 28 U.S.C. § 1367(a) lies as to the claim under the bill of lading for the third shipment (which seeks damages less than $10,000) because that claim is so related to the first two claims in this action that they form a part of the same case or controversy under Article III of the United States Constitution.

5.  <u>Venue</u>.  Petitioner desires to remove this action to the district court of the United States for the district in which the action is now pending, to wit, the District of Massachusetts.  28 U.S.C. § 1446(a).

6. After the filing of this Notice of Removal of this action to the United States District Court for the District of Massachusetts, (a) written notice of the filing of this Notice will be given by the attorneys for the Petitioner to the attorney for the Plaintiff as provided by law, (b) a certified copy of this Notice will be filed with the Clerk of the Suffolk Superior Court Department, Suffolk County Massachusetts, and (c) certified copies of all pleadings on file in the said Suffolk Superior Court Department, Civil Action will be filed with this Court.

7. Petitioner has a good and sufficient defense to the Plaintiff's claims in this action.

8. No previous application for the relief sought herein has been made to this or any other court.

WHEREFORE, Petitioner, Clipper Exxpress Company, formerly known as Agricultural Express of America, Inc. d/b/a Clipper Controlled Logistics, prays that this action be removed from the Suffolk Superior Court Department, Suffolk County, Massachusetts to the United States District Court for the District of Massachusetts.

                                                           CLIPPER EXXPRESS COMPANY f/k/a
AGRICULTURAL EXPRESS OF AMERICA, INC.
d/b/a CLIPPER CONTROLLED LOGISTICS,

By its attorney,

April 27, 2005

_____
Wesley S. Chused, BBO # 083520
LOONEY & GROSSMAN LLP
101 Arch Street
Boston, MA 02110
(617) 951-2800

## CERTIFICATE OF SERVICE

I hereby certify that on April 27, 2005, I served a copy of the foregoing pleading upon all parties hereto electronically, via facsimile or by mailing copies thereof, via first class mail, properly addressed to:

> Andrew J. Fay, Esq.
> Tobin, Sullivan, Fay & Grunebaum
> Wellesley Office Park
> 60 William Street
> Wellesley, MA 02481
> Fax (781) 237 1101

_/s/ Wesley S. Chused_
Wesley S. Chused

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS.                              SUFFOLK SUPERIOR COURT DEPARTMENT
                                          CIVIL ACTION NO. 05-1357

THE ALPHAS COMPANY, INC.
          Plaintiff,
v.

AGRICULTURAL EXPRESS OF AMERICA, INC.
d/b/a CLIPPER CONTROLLED LOGISTICS
          Defendant.

## COMPLAINT

### PARTIES

1. The Alphas Company, Inc. ("Alphas") is a corporation with a principal place of business at 87-89 New England Produce Center, Chelsea, Massachusetts.

2. Agricultural Express of America, Inc. d/b/a Clipper Controlled Logistics ("CCL") is a Delaware corporation with a principal place of business at 9014 Heritage Parkway, Suite 300, Woodridge, Illinois.

### NATURE OF THE CLAIMS

3. This is an action by Alphas to recover for the loss incurred by the failure of CCL to deliver in good condition three shipments of produce to Alphas in Chelsea, Massachusetts.

### FACTS

*The Pepper Shipment*

4. On or about September 16, 2003 CCL received a load of peppers in good shipping condition from the shipper, Prime Time Sales, LLC, in California.

5. Thereafter, CCL transported the shipment of peppers from California to the consignee, Alphas, in Chelsea, Massachusetts.

6. CCL was obligated by the contractual terms of the shipment to maintain the load at a constant temperature of 45 degrees Fahrenheit in order to preserve the freshness of the peppers and prevent decay thereof and failed to do so.

7. Upon arrival at Alphas the peppers were rotten and decayed.

8. Further, the temperature recorder for the load indicated that during the six (6) day trip from California to Chelsea, Massachusetts the temperature of the load of peppers was at all times significantly higher than 45 degrees Fahrenheit.

9. A United States Department of Agriculture inspection subsequently confirmed the rotten and decayed condition of the load.

10. As a result, Alphas has been damaged in the amount of $23,417.30.

### The Lettuce Shipment

11. On or about May 20, 2004 CCL received a load of lettuce in good shipping condition from the shipper, Nunes Company, Inc. in California.

12. Thereafter, CCL transported the shipment of lettuce from California to the consignee, Alphas, in Chelsea, Massachusetts.

13. CCL was obligated by the contractual terms of the shipment to maintain the load at a constant temperature of 34 to 36 degrees Fahrenheit in order to preserve the freshness of the lettuce and prevent decay thereof and failed to do so.

14. Upon arrival at Alphas the lettuce was rotten and decayed.

15. A United States Department of Agriculture inspection subsequently confirmed the load rotten and decayed condition of the load.

16. CCL assured Alphas and the shipper that CCL would reimburse Alphas in full for the rotten load.

17. However, CCL has failed and refused to do so.

18. Despite the fact that CCL agreed to pay this claim and has no defense to it and in disregard of known contractual arrangements and in an effort to secure benefits for itself and use this claim as leverage with respect to the other claims set forth herein, CCL continues to refuse to pay this claim.

19. As a result, Alphas has been damaged in the amount of $12,781.

*The Honeydew Melon Shipment*

20. On or about June 17, 2004 CCL received a load of honeydew melons in good shipping condition from the shipper, Bear Mountain Cool, in California.

21. Thereafter, CCL transported the shipment of honeydew melons from California to the consignee, Alphas, in Chelsea, Massachusetts.

24. CCL was obligated by the contractual terms of the shipment to maintain the load at a constant temperature of 38 degrees Fahrenheit in order to preserve the freshness of the honeydew melons and prevent decay thereof and failed to do so.

25. Upon arrival at Alphas the honeydew melons were rotten and decayed.

26. Further, the temperature recorder for the load indicated that during the six (6) day trip from California to Chelsea, Massachusetts the temperature of the load of peppers was at all times significantly higher than 38 degrees Fahrenheit.

27. A United States Department of Agriculture inspection subsequently confirmed that the rotten and decayed condition of the load.

28. As a result, Alphas has been damaged in the amount of $3,892.50.

## COUNT I – BREACH ON CONTRACT

31. The plaintiff repeats and re-alleges paragraphs 1 through 28 as if set forth fully herein.

32. Defendant contracted to deliver the produce referenced above in good condition and failed to do so.

33. Defendant contracted to ship the produce at a specific temperature and failed to do so.

34. As a result of defendant's breaches of contract, the plaintiff sustained damages.

WHEREFORE, the plaintiff, The Alphas Company, Inc., hereby demands judgment against the defendant, Agricultural Express of America, Inc. d/b/a Clipper Controlled Logistics, for the total amount of plaintiff's damages, attorneys fees, interest and costs.

## COUNT II - NEGLIGENCE

35. The plaintiff repeats and re-alleges paragraphs 1 through 34 as if set forth herein.

36. The defendant had a duty to ship the produce with reasonable care.

37. The defendant failed to ship the produce with reasonable care.

38. By reason of the defendant's failure to ship the produce with reasonable care, the plaintiff sustained damages.

WHEREFORE, the plaintiff, The Alphas Company, Inc., hereby demands judgment against the defendant, Agricultural Express of America, Inc. d/b/a Clipper Controlled Logistics, for the total amount of plaintiff's damages, attorneys fees, interest and costs.

## COUNT III - CARMACK AMENDMENT

39. The plaintiff repeats and re-alleges paragraphs 1 through 38 as if set forth fully herein.

40. CCL is strictly liable to Alphas pursuant to the Carmack Amendment for Alphas' actual loss. See 49 U.S.C. § 14706.

WHEREFORE, the plaintiff, The Alphas Company, Inc., hereby demands judgment against the defendant, Agricultural Express of America, Inc. d/b/a Clipper Controlled Logistics, for the total amount of plaintiff's damages, attorneys fees, interest and costs.

## COUNT III - M.G.L. c. 93A

41. The plaintiff repeats and re-alleges paragraphs 1 through 38 above, as though fully set forth herein.

42. CCL is engaged in trade or commerce.

43. The conduct of CCL, as alleged above, constitutes a violation of the Consumer Business Protection Act, M.G.L. c.93A, §§2 and 11.

42. The above-described conduct was undertaken willfully and knowingly.

WHEREFORE, the plaintiff, The Alphas Company, Inc., hereby demands judgment against the defendant, Agricultural Express of America, Inc. d/b/a Clipper Controlled Logistics, for the total amount of plaintiff's damages, attorneys fees, interest and costs plus double or treble damages.

## JURY DEMAND

Plaintiffs hereby demand a trial by jury.

Respectfully submitted,
The Alpha Companies, Inc.
By its attorney,

Andrew J. Fay, Esquire (BBO #550058)
Tobin, Sullivan, Fay & Grunebaum
Wellesley Office Park
60 William Street
Wellesley, MA 02481
(781)237-0877

# TOBIN, SULLIVAN, FAY & GRUNEBAUM
### ATTORNEYS AT LAW
60 WILLIAM STREET
WELLESLEY, MASSACHUSETTS 02481
TELEPHONE (781)237-0877
FACSIMILE (781)237-1101
Email: Afay@tobinsullivan.com

April 7, 2005

**VIA OVERNIGHT MAIL**
**RETURN RECEIPT REQUESTED**
President
Agricultural Express of America, Inc. d/b/a
Clipper Controlled Logistics
9014 Heritage Parkway, Suite 300
Woodridge, IL 60517-4939

    Re:    The Alphas Company, Inc. v. Clipper Controlled Logistics

Dear Sir or Madam:

Enclosed please find a Summons and a Complaint, which are being served upon you in accordance with G.L. c.223A, the Massachusetts Long Arm Statute.

Very truly yours,

Andrew J. Fay

AJF/nlb

Enclosure

cc: Mr. John Alphas

# Commonwealth of Massachusetts

SUFFOLK, ss.

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION



No. 05-1357

The Alphas Company, Inc. , Plaintiff(s)

v.

Clipper Controlled Logistics , Defendant(s)

## SUMMONS

To the above-named Defendant:

You are hereby summoned and required to serve upon Andrew J. Fay, Esq.,

plaintiff's attorney, whose address is 60 William St., Wellesley, MA 02481, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Boston either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, Suzanne V. DelVecchio, Esquire, at Boston, the _____ day of _____, in the year of our Lord two thousand _____.

*Michael Joseph Donovan*

Clerk/Magistrate

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.
3. TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED
   (1) TORT — (2) MOTOR VEHICLE TORT — (3) CONTRACT — (4) EQUITABLE RELIEF — (5) OTHER

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY) <u>The Alphas Company, Inc. v. Agricultural Express of America, Inc. d/b/a Clipper Controlled Logistics</u>

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)(1)).

   ___ I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   ___ II.  195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,    *Also complete AO 120 or AO 121
            740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.       for patent, trademark or copyright cases

   ___ III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
            315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
            380, 385, 450, 891.

   ___ IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
            690, 810, 861-865, 870, 871, 875, 900.

   ___ V.   150, 152, 153.

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(G)). IF MORE THAN ONE PRIOR RELATED CASE HAS BEEN FILED IN THIS DISTRICT PLEASE INDICATE THE TITLE AND NUMBER OF THE FIRST FILED CASE IN THIS COURT.
   N/A

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?

                                                                  ~~YES~~          NO

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST? (SEE 28 USC §2403)

                                                                  ~~YES~~          NO

   IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY?

                                                                  YES          NO

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC §2284?

                                                                  ~~YES~~          NO

7. DO <u>ALL</u> OF THE PARTIES IN THIS ACTION, EXCLUDING GOVERNMENTAL AGENCIES OF THE UNITED STATES AND THE COMMONWEALTH OF MASSACHUSETTS ("GOVERNMENTAL AGENCIES"), RESIDING IN MASSACHUSETTS RESIDE IN THE SAME DIVISION? - (SEE LOCAL RULE 40.1(D)).

                                                                  YES          ~~NO~~

   A. IF YES, IN WHICH DIVISION DO <u>ALL</u> OF THE NON-GOVERNMENTAL PARTIES RESIDE?

      EASTERN DIVISION        ~~CENTRAL DIVISION~~        ~~WESTERN DIVISION~~

   B. IF NO, IN WHICH DIVISION DO THE MAJORITY OF THE PLAINTIFFS OR THE ONLY PARTIES, EXCLUDING GOVERNMENTAL AGENCIES, RESIDING IN MASSACHUSETTS RESIDE?

      EASTERN DIVISION        CENTRAL DIVISION        WESTERN DIVISION

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME  Wesley S. Chused
ADDRESS  Looney & Grossman LLP, 101 Arch Street, Boston, MA 02110
TELEPHONE NO.  617-951-2800

(Cover sheet local.wpd - 11/27/00)

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
THE ALPHAS COMPANY, INC.

**DEFENDANTS**
AGRICULTURAL EXPRESS OF AMERICA, INC.
d/b/a CLIPPER CONTROLLED LOGISTICS

(b) County of Residence of First Listed Plaintiff  25025
(EXCEPT IN U.S. PLAINTIFF CASES)
Andrew J. Fay, Esq.

County of Residence of First Listed Defendant  88888
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Tobin, Sullivan, Fay & Grunebaum, 60 William St.
60 William St., Wellesley, MA 02481
(781) 237-0877

Attorneys (If Known)
Wesley S. Chused, BBO #083520
Looney & Grossman, 101 Arch St., Boston, MA
02110 (617) 951-2800

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☒ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

☐ 1 Original Proceeding
☒ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
49 U.S.C. 14706
Brief description of cause:
Action for interstate freight damage under Carmack Amendment, 49 U.S.C. 14706

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 40,000.00
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
N/A
(See instructions)
JUDGE _____
DOCKET NUMBER _____

DATE 4/27/05
SIGNATURE OF ATTORNEY OF RECORD [signature]

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____