| CIVIL ACTION COVER SHEET | DOCKET NO.(S) 05-1357 A | Trial Court of Massachusetts Superior Court Department County: _____ |
|---|---|---|
| **PLAINTIFF(S)** The Alphas Company, Inc. | | **DEFENDANT(S)** Clipper Controlled Logistics |
| **ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE** Andrew J. Fay    Tel: 781-237-0877 Tobin, Sullivan, Fay & Grunebaum 60 William St., Wellesley, MA 02481 Board of Bar Overseers number: BBO#550058 | | **ATTORNEY** (if known) |

### Origin code and track designation

Place an x in one box only:
[X] 1. F01 Original Complaint
[ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
[ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
[ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
[ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
[ ] 6. E10 Summary Process Appeal (X)

### TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| A02 | Breach of Contract | ( F ) | ( X ) Yes    ( ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
  1. Total hospital expenses ................................................. $............
  2. Total Doctor expenses .................................................. $............
  3. Total chiropractic expenses ........................................... $............
  4. Total physical therapy expenses ..................................... $............
  5. Total other expenses (describe) ...................................... $............
       Subtotal $............
B. Documented lost wages and compensation to date ............... $............
C. Documented property damages to date ............................... $............
D. Reasonably anticipated future medical and hospital expenses .. $............
E. Reasonably anticipated lost wages .................................... $............
F. Other documented items of damages (describe) .................. $............
G. Brief description of plaintiff's injury, including nature and extent of injury (describe)

       $............
TOTAL $............

### CONTRACT CLAIMS
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):
Defendant shipped damaged produce to Plaintiff.

*Plus attorneys fees, costs and interest    TOTAL $40,090.80*

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _____    DATE: 4-5-05

AOTC-6 mtc005-11/99
A.O.S.C. 1-2000

I HEREBY ATTEST AND CERTIFY ON
MAY 2, 2005 , THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY: _____

ASSISTANT CLERK.

Commonwealth of Massachusetts
SUFFOLK SUPERIOR COURT
Case Summary
Civil Docket

## SUCV2005-01357
### Alphas Co Inc v Agricultural Express of America Inc dba

| | | | | | |
|---|---|---|---|---|---|
| **File Date** | 04/07/2005 | **Status** | Disposed: transfered to other court (dtrans) | | |
| **Status Date** | 04/28/2005 | **Session** | A - Civil A, 3 Pemberton Square, Boston | | |
| **Origin** | 1 | **Case Type** | A02 - Goods sold/delivered under contract | | |
| **Lead Case** | | **Track** | F | | |
| **Service** | 07/06/2005 | **Answer** | 09/04/2005 | **Rule12/19/20** | 09/04/2005 |
| **Rule 15** | 09/04/2005 | **Discovery** | 02/01/2006 | **Rule 56** | 03/03/2006 |
| **Final PTC** | 04/02/2006 | **Disposition** | 06/01/2006 | **Jury Trial** | Yes |

### PARTIES

**Plaintiff**
Alphas Co Inc
Active 04/07/2005

**Private Counsel 550058**
Andrew J Fay
Tobin Sullivan & Fay
Wellesley Office Park
60 William Street
Wellesley, MA 02481
Phone: 781-237-0877
Fax: 781-237-1101
Active 04/12/2005 Notify

**Defendant**
Agricultural Express of America Inc dba
Service pending 04/07/2005

**Private Counsel 083520**
Wesley S Chused
Looney & Grossman
101 Arch Street
Boston, MA 02110
Phone: 617-951-2800
Fax: 617-951-2819
Active 04/28/2005 Notify

*** See Attorney Information Above ***

I HEREBY ATTEST AND CERTIFY ON
MAY 2, 2005 THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY: _____

ASSISTANT CLERK.

**Alias defendant name**
Clipper Controlled Logistics
Active 04/07/2005

### ENTRIES

| Date | Paper | Text |
|---|---|---|
| 04/07/2005 | 1.0 | Complaint & civil action cover sheet filed |
| 04/07/2005 | | Origin 1, Type A02, Track F. |
| 04/07/2005 | 2.0 | Civil action cover sheet filed |
| 04/28/2005 | | Ceritifed copy of petition for removal to U. S. Dist. Court of Defts. Clipper Exxpress Company f/k/a Agricultural Express Of America, Inc. d/b/a Clipper Controlled Logistics U. S. Dist.#(05-10851DPW). |
| 04/28/2005 | | Case REMOVED this date to US District Court of Massachusetts |

### EVENTS

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS.  SUFFOLK SUPERIOR COURT DEPARTMENT
CIVIL ACTION NO.

THE ALPHAS COMPANY, INC.
    Plaintiff,

v.

AGRICULTURAL EXPRESS OF AMERICA, INC.
d/b/a CLIPPER CONTROLLED LOGISTICS
    Defendant.

## COMPLAINT

### PARTIES

1. The Alphas Company, Inc. ("Alphas") is a corporation with a principal place of business at 87-89 New England Produce Center, Chelsea, Massachusetts.

2. Agricultural Express of America, Inc. d/b/a Clipper Controlled Logistics ("CCL") is a Delaware corporation with a principal place of business at 9014 Heritage Parkway, Suite 300, Woodridge, Illinois.

### NATURE OF THE CLAIMS

3. This is an action by Alphas to recover for the loss incurred by the failure of CCL to deliver in good condition three shipments of produce to Alphas in Chelsea, Massachusetts.

### FACTS

#### *The Pepper Shipment*

4. On or about September 16, 2003 CCL received a load of peppers in good shipping condition from the shipper, Prime Time Sales, LLC, in California.

5. Thereafter, CCL transported the shipment of peppers from California to the consignee, Alphas, in Chelsea, Massachusetts.

6. CCL was obligated by the contractual terms of the shipment to maintain the load at a constant temperature of 45 degrees Fahrenheit in order to preserve the freshness of the peppers and prevent decay thereof and failed to do so.

7. Upon arrival at Alphas the peppers were rotten and decayed.

8. Further, the temperature recorder for the load indicated that during the six (6) day trip from California to Chelsea, Massachusetts the temperature of the load of peppers was at all times significantly higher than 45 degrees Fahrenheit.

9. A United States Department of Agriculture inspection subsequently confirmed the rotten and decayed condition of the load.

10. As a result, Alphas has been damaged in the amount of $23,417.30.

### *The Lettuce Shipment*

11. On or about May 20, 2004 CCL received a load of lettuce in good shipping condition from the shipper, Nunes Company, Inc. in California.

12. Thereafter, CCL transported the shipment of lettuce from California to the consignee, Alphas, in Chelsea, Massachusetts.

13. CCL was obligated by the contractual terms of the shipment to maintain the load at a constant temperature of 34 to 36 degrees Fahrenheit in order to preserve the freshness of the lettuce and prevent decay thereof and failed to do so.

14. Upon arrival at Alphas the lettuce was rotten and decayed.

15. A United States Department of Agriculture inspection subsequently confirmed the load rotten and decayed condition of the load.

16. CCL assured Alphas and the shipper that CCL would reimburse Alphas in full for the rotten load.

17. However, CCL has failed and refused to do so.

18. Despite the fact that CCL agreed to pay this claim and has no defense to it and in disregard of known contractual arrangements and in an effort to secure benefits for itself and use this claim as leverage with respect to the other claims set forth herein, CCL continues to refuse to pay this claim.

19. As a result, Alphas has been damaged in the amount of $12,781.

### *The Honeydew Melon Shipment*

20. On or about June 17, 2004 CCL received a load of honeydew melons in good shipping condition from the shipper, Bear Mountain Cool, in California.

21. Thereafter, CCL transported the shipment of honeydew melons from California to the consignee, Alphas, in Chelsea, Massachusetts.

24. CCL was obligated by the contractual terms of the shipment to maintain the load at a constant temperature of 38 degrees Fahrenheit in order to preserve the freshness of the honeydew melons and prevent decay thereof and failed to do so.

25. Upon arrival at Alphas the honeydew melons were rotten and decayed.

26. Further, the temperature recorder for the load indicated that during the six (6) day trip from California to Chelsea, Massachusetts the temperature of the load of peppers was at all times significantly higher than 38 degrees Fahrenheit.

27. A United States Department of Agriculture inspection subsequently confirmed that the rotten and decayed condition of the load.

28. As a result, Alphas has been damaged in the amount of $3,892.50.

### COUNT I – BREACH ON CONTRACT

31. The plaintiff repeats and re-alleges paragraphs 1 through 28 as if set forth fully herein.

32. Defendant contracted to deliver the produce referenced above in good condition and failed to do so.

33. Defendant contracted to ship the produce at a specific temperature and failed to do so.

34. As a result of defendant's breaches of contract, the plaintiff sustained damages.

WHEREFORE, the plaintiff, The Alphas Company, Inc., hereby demands judgment against the defendant, Agricultural Express of America, Inc. d/b/a Clipper Controlled Logistics, for the total amount of plaintiff's damages, attorneys fees, interest and costs.

## COUNT II - NEGLIGENCE

35. The plaintiff repeats and re-alleges paragraphs 1 through 34 as if set forth herein.

36. The defendant had a duty to ship the produce with reasonable care.

37. The defendant failed to ship the produce with reasonable care.

38. By reason of the defendant's failure to ship the produce with reasonable care, the plaintiff sustained damages.

WHEREFORE, the plaintiff, The Alphas Company, Inc., hereby demands judgment against the defendant, Agricultural Express of America, Inc. d/b/a Clipper Controlled Logistics, for the total amount of plaintiff's damages, attorneys fees, interest and costs.

## COUNT III - CARMACK AMENDMENT

39. The plaintiff repeats and re-alleges paragraphs 1 through 38 as if set forth fully herein.

40. CCL is strictly liable to Alphas pursuant to the Carmack Amendment for Alphas' actual loss. See 49 U.S.C. § 14706.

WHEREFORE, the plaintiff, The Alphas Company, Inc., hereby demands judgment against the defendant, Agricultural Express of America, Inc. d/b/a Clipper Controlled Logistics, for the total amount of plaintiff's damages, attorneys fees, interest and costs.

## COUNT III - M.G.L. c. 93A

41. The plaintiff repeats and re-alleges paragraphs 1 through 38 above, as though fully set forth herein.

42. CCL is engaged in trade or commerce.

43. The conduct of CCL, as alleged above, constitutes a violation of the Consumer Business Protection Act, M.G.L. c.93A, §§2 and 11.

42. The above-described conduct was undertaken willfully and knowingly.

WHEREFORE, the plaintiff, The Alphas Company, Inc., hereby demands judgment against the defendant, Agricultural Express of America, Inc. d/b/a Clipper Controlled Logistics, for the total amount of plaintiff's damages, attorneys fees, interest and costs plus double or treble damages.

## JURY DEMAND

Plaintiffs hereby demand a trial by jury.

I HEREBY ATTEST AND CERTIFY ON
MAY 2, 2005, THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY: _____
ASSISTANT CLERK.

Respectfully submitted,
The Alpha Companies, Inc.
By its attorney,

_____
Andrew J. Fay, Esquire (BBO #550058)
Tobin, Sullivan, Fay & Grunebaum
Wellesley Office Park
60 William Street
Wellesley, MA 02481
(781)237-0877