UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THE ALPHAS COMPANY, INC., )<br>)<br>*Plaintiff,* )<br>)<br>v. )<br>)<br>AGRICULTURAL EXPRESS OF AMERICA, INC. )<br>d/b/a CLIPPER CONTROLLED LOGISTICS, )<br>)<br>*Defendant.* )<br>) | CIVIL ACTION<br>NO. 05-10851-DPW |

**DEFENDANT'S ANSWER AND COUNTERCLAIM**

The Defendant, Clipper Exxpress Company, formerly known as Agricultural Express of America, Inc. d/b/a Clipper Controlled Logistics ("Clipper"), for its answer to the Complaint of the Plaintiff, The Alphas Company, Inc. ("Alphas"), states as follows in response to each corresponding paragraph therein:

1. Defendant Clipper is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Complaint, and therefore neither admits nor denies said allegations but calls upon Plaintiff to prove the same.

2. Admitted; except Defendant Clipper states that effective December 31, 2003, Agricultural Express of America, Inc. was merged into Clipper Exxpress Company.

3. This paragraph does not allege any facts. To the extent any facts are deemed to be included in paragraph 3 of the Complaint, they are denied.

4. Denied.

5. Denied.

6. Denied.

7. Defendant Clipper is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the Complaint, and therefore neither admits nor denies said allegations but calls upon Plaintiff to prove the same.

8. Denied.

9. Defendant Clipper is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Complaint, and therefore neither admits nor denies said allegations but calls upon Plaintiff to prove the same.

10. Denied.

11. Denied.

12. Denied.

13. Denied.

14. Defendant Clipper is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the Complaint, and therefore neither admits nor denies said allegations but calls upon Plaintiff to prove the same.

15. Defendant Clipper is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the Complaint, and therefore neither admits nor denies said allegations but calls upon Plaintiff to prove the same.

16. Denied.

17. Denied; except Clipper admits that it has not paid Alphas for its claim.

18. Denied.

19. Denied.

20. Denied.

21. Denied.

22. [no paragraph 22 in Complaint]

23. [no paragraph 23 in Complaint]

24. (*sic*). Denied.

25. Defendant Clipper is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25 of the Complaint, and therefore neither admits nor denies said allegations but calls upon Plaintiff to prove the same.

26. Denied.

27. Defendant Clipper is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27 of the Complaint, and therefore neither admits nor denies said allegations but calls upon Plaintiff to prove the same.

28. Denied.

29. [no paragraph 29 in Complaint]

30. [no paragraph 30 in Complaint]

31. (*sic*).  In response to the allegations contained in paragraph 31 (*sic*) of the Complaint, Defendant Clipper repeats each of its responses to paragraphs 1 through 28 as though separately set forth herein.

32. Denied.

33. Denied.

34. Denied.

35. In response to the allegations contained in paragraph 35 of the Complaint, Defendant Clipper repeats each of its responses to paragraphs 1 through 34 as though separately set forth herein.

36. Denied.

37. Denied.

38. Denied.

39. In response to the allegations contained in paragraph 39 of the Complaint, Defendant Clipper repeats each of its responses to paragraphs 1 through 38 as though separately set forth herein.

40. Denied.

41. In response to the allegations contained in paragraph 41 of the Complaint, Defendant Clipper repeats each of its responses to paragraphs 1 through 38 as though separately set forth herein.

42. Denied; except Clipper admits that it is engaged in business as a broker of the in interstate transportation of property.

43. Denied.

42. (*sic*). Denied.

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim against Defendant Clipper upon which relief can be granted and must therefore be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

### SECOND AFFIRMATIVE DEFENSE

The Complaint fails to state any claims against Defendant Clipper upon which relief can be granted under the ICC Termination Act of 1995 ("ICCTA"), 49 U.S.C. §13101, *et. seq.*, and must therefore be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

## THIRD AFFIRMATIVE DEFENSE

Defendant Clipper has no liability to Plaintiff Alphas because Clipper was not the carrier of and never had possession of the shipments described in the Complaint.

## FOURTH AFFIRMATIVE DEFENSE

Defendant Clipper at all times acted only as an interstate freight transportation broker, not a motor or rail carrier, did not issue any bills of lading and, as such, has no liability to Plaintiff under 49 U.S.C. § 11706 or 14706.

## FIFTH AFFIRMATIVE DEFENSE

The Plaintiff failed to mitigate its damages, and it is therefore barred from any recovery against Defendant Clipper.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff may not recover attorney's fees as a matter of law.

## SEVENTH AFFIRMATIVE DEFENSE

Defendant is not liable for any loss or damage caused by or resulting from any act, omission or order of the shipper, improper packaging or packing or from a defect or inherent vice of the articles shipped.

## EIGHTH AFFIRMATIVE DEFENSE

In the event that the Plaintiff did not have or does not have any title or interest in the shipments that are the subject of the Complaint, the Plaintiff is not the real party in interest herein and is not entitled to any recovery.

## NINTH AFFIRMATIVE DEFENSE

If the shipments referred to in the Complaint suffered any loss, damage or delay, such loss, damage or delay was caused by the acts or omissions of the Plaintiff or a third party or parties over whom the Defendant had no control, and the Defendant therefore is not liable.

## TENTH AFFIRMATIVE DEFENSE

To the extent any of the damages sought by the Plaintiff are special damages, Defendant Clipper is not liable.

## ELEVENTH AFFIRMATIVE DEFENSE

In the event that the shipments alleged in the Complaint were transported subject to any statutory or contractual limitations of liability, either specifically agreed to or contained in any applicable bills of lading, tariffs, schedules or classifications, the Plaintiff may not recover in excess of such limitations.

## TWELFTH AFFIRMATIVE DEFENSE

The Plaintiff, its agents, servants, employees or representatives were negligent, which negligence was greater than any negligence of the Defendant, and therefore the Plaintiff is not entitled to any recovery under Mass. Gen. Laws, c. 231, §85, as amended.

## THIRTEENTH AFFIRMATIVE DEFENSE

The Complaint fails to state a claim against the Defendant upon which relief can be granted, because under the ICCTA there are no causes of action for breach of contract, negligence or for violation of Mass. Gen. Laws c. 93A arising out of or related to the transportation of freight in interstate commerce, and the Complaint, Counts I and III (*sic*), must therefore be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

### FOURTEENTH AFFIRMATIVE DEFENSE

The Plaintiff's claims for breach of contract (Count I), negligence (Count II) and for violation of Mass. Gen. Laws c. 93A (Count III (*sic*)) are preempted by the Carmack Amendment to the ICCTA, 49 U.S.C. §14706.

### FIFTEENTH AFFIRMATIVE DEFENSE

The Plaintiff is barred from any recovery herein due to its failure to join indispensable parties, to wit, the actual motor and rail carriers of the Plaintiff's shipments, who are subject to the jurisdiction of this Court pursuant to 49 U.S.C. § 14706 and the rules and regulations of the Federal Motor Carrier Safety Administration thereunder; and the Complaint must therefore be dismissed pursuant to Fed. R. Civ. P. 12 (b)(7).

WHEREFORE, the Defendant Clipper Exxpress Company f/k/a Agricultural Express of America, Inc. d/b/a Clipper Controlled Logistics, demands judgment dismissing the Complaint of the Plaintiff, The Alphas Company, Inc. and awarding the Defendant costs and disbursements in this action.

### COUNTERCLAIM

Now comes the defendant/plaintiff-in-counterclaim, Clipper Exxpress Company, f/k/a Agricultural Express of America, Inc. d/b/a Clipper Controlled Logistics ("Clipper"), and for its Counterclaim against the plaintiff/defendant-in-counterclaim, The Alphas Company Inc. ("Alphas"), states as follows:

**Parties.**

1.      Plaintiff-in-counterclaim Clipper is a corporation organized and existing under the laws of the State of Delaware and maintains its principal office and place of business at 15700 West 103rd Street, Lemont, Illinois.

2.	At all times pertinent hereto, Clipper operated as a broker of interstate transportation of property pursuant to authority granted by the Federal Motor Carrier Safety Administration ("FMCSA") in accordance with the ICC Termination Act of 1995 ("ICCTA"), 49 U.S.C. § 13101, *et seq*.

3.	Upon information and belief, the defendant-in-counterclaim, Alphas, is a corporation and maintains its principal office and place of business at 87-89 New England Produce Center, Chelsea, Suffolk County, Massachusetts.

**Jurisdiction.**

4.	This Court has subject matter jurisdiction over this counterclaim pursuant to 28 U.S.C. §§ 1331 and 1337 in that this action involves the collection of interstate transportation (freight) charges for a series of shipments moving in interstate commerce pursuant to the ICCTA, 49 U.S.C. §§ 13706 and 13710, as hereinafter more fully appears. In addition, this Court has supplemental jurisdiction over this counterclaim under 28 U.S.C. § 1367(a) because it is so related to the Plaintiff's claims in this action that they form a part of the same case or controversy under Article III of the United States Constitution.

**Venue.**

5.	Venue is appropriate in this district because a substantial part of the events or omissions giving rise to this counterclaim occurred in this district. 28 U.S. C. § 1391(b).

6.	Between June and August 2004, Alphas hired Clipper to broker the transportation of seven (7) interstate shipments of freight moving between points in the United States, via motor and rail carriers.

7. Clipper then undertook to broker the requested transportation and arranged for Alphas's shipments to be transported from various points of origin and delivered to Alphas at its Chelsea, Massachusetts and Bronx, New York facilities.

8. Thereafter, Clipper made demand upon Alphas for payment of Clipper's brokerage charges totaling $29,533.50, as summarized in Exhibit A hereto.

9. Alphas nonetheless has failed and refused to pay Clipper for its brokerage services as set forth in Exhibit A.

## COUNT I
### (Breach of Contract)

Clipper repeats and realleges each of the allegations contained in paragraphs 1 through 9 of this Counterclaim as though separately set forth herein.

10. By its conduct, as aforesaid, Alphas has breached its agreement with Clipper.

11. As a result of Alphas' breach, Clipper has been damaged in the sum of at least $29,533.50.

12. Clipper is therefore entitled to and hereby demands judgment against Alphas in the sum of $29,533.50, and for such other relief as may be appropriate.

WHEREFORE, plaintiff-in-counterclaim Clipper Exxpress Company, formerly known as Agricultural Express of America, Inc. d/b/a Clipper Controlled Logistics, prays that the Court enter judgment against defendant-in-counterclaim, The Alphas Company, Inc., in the amount of $29,533.50, plus pre-judgment and post-judgment interest at the maximum rate allowed by law, costs, attorney's fees and such other relief as may be appropriate.

## COUNT II
### (Quantum Meruit)

Clipper repeats and realleges each of the allegations contained in paragraphs 1 through 12 of this Counterclaim as though separately set forth herein.

13. Clipper rendered to Alphas valuable transportation brokerage services for which Alphas promised to pay the reasonable value thereof and which Alphas knew or should have known it would be expected to pay for.

14. The reasonable value of the transportation brokerage services performed by Clipper for the benefit of Alphas is $29,533.50, none of which has been paid, and Alphas has accordingly been unjustly enriched in the amount of at least $29,533.50.

15. Alphas has failed and refused to pay Clipper the amount due despite Clipper's demands and Alphas's obligation to pay it.

16. Clipper is therefore entitled to and hereby demands judgment against Alphas in the sum of $29,533.50, plus interest and costs for the reasonable value of the transportation brokerage services rendered to Alphas, and for such other relief as may be appropriate.

WHEREFORE, plaintiff-in-counterclaim Clipper Exxpress Company, formerly known as Agricultural Express of America, Inc. d/b/a Clipper Controlled Logistics, prays that the Court enter judgment against defendant-in-counterclaim, The Alphas Company, Inc., in the amount of $29,533.50, plus pre-judgment and post-judgment interest at the maximum rate allowed by law, costs, attorney's fees and such other relief as may be appropriate.

## COUNT III
### (Account Annexed)

Clipper repeats and realleges each of the allegations contained in paragraphs 1 through 16 of this Counterclaim as though separately set forth herein.

17. Defendant-in-counterclaim Alphas owes plaintiff-in-counterclaim Clipper the sum of $29,533.50 according to the account annexed hereto as Exhibit A.

WHEREFORE, plaintiff-in-counterclaim Clipper Exxpress Company, formerly known as Agricultural Express of America, Inc. d/b/a Clipper Controlled Logistics, prays that the Court enter judgment against defendant-in-counterclaim, The Alphas Company, Inc., in the amount of $29,533.50, plus pre-judgment and post-judgment interest at the maximum rate allowed by law, costs, attorney's fees and such other relief as may be appropriate.

>CLIPPER EXXPRESS COMPANY f/k/a
>AGRICULTURAL EXPRESS OF AMERICA, INC.
>d/b/a CLIPPER CONTROLLED LOGISTICS,
>
>By its attorney,

May 20, 2005

>*/s/ Wesley S. Chused*
>Wesley S. Chused, BBO # 083520
>LOONEY & GROSSMAN LLP
>101 Arch Street
>Boston, MA 02110
>(617) 951-2800

CERTIFICATE OF SERVICE

I hereby certify that on May 20, 2005, I served a copy of the foregoing pleading upon all parties hereto electronically, via facsimile or by mailing copies thereof, via first class mail, properly addressed to:

>Andrew J. Fay, Esq.
>Tobin, Sullivan, Fay & Grunebaum
>Wellesley Office Park
>60 William Street
>Wellesley, MA 02481
>Fax (781) 237-1101
>
>*/s/ Wesley S. Chused*
>Wesley S. Chused

## EXHIBIT A

### TO COUNTERCLAIM OF CLIPPER EXXPRESS COMPANY
### AGAINST THE ALPHAS COMPANY, INC.

| Freight Bill # | Date | Amount Due |
|---|---|---|
| 20745204 | 06/17/04 | $ 5,785.50 |
| 20759668 | 07/13/04 | 5,684.00 |
| 20760377 | 07/14/04 | 5,684.00 |
| 20760559* | 07/14/04 | 200.00 |
| 20761714 | 07/16/04 | 5,887.00 |
| 20770996 | 08/03/04 | 5,278.00 |
| 20748034* | 06/22/04 | 1,015.00 |
| **TOTAL DUE:** | | **$29,533.50** |

*Balance due invoices